D. Lisner & Co., Inc. *v.* United States

No. 5208.—Invoice dated Gablonz, Czechoslovakia, July 17, 1937.
Certified July 20, 1937.
Entered at New York August 5, 1937.
Entry No. 717216.

(Decided April 10, 1941)

*Puckhafer, Rode & Rode* for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

Oliver, Presiding Judge: This appeal to reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto.

It is hereby stipulated and agreed by and between Charles D. Lawrence, Acting Assistant Attorney General, attorney for the defendant, and Puckhafer, Rode & Rode, attorneys for the plaintiff, subject to the approval of the court, that the merchandise covered by the reappraisement enumerated above and represented by the items marked "A" on the invoices and checked by the Examiner W. R. S. W. R. Shapiro consists of bottles similar in all material respects to the merchandise the subject of *United States* v. *Guerlain, Inc.*, decided in C. A. D. 146.

It is further stipulated and agreed that the said merchandise was appraised upon the cost of production under Sec. 402 (f) of the Tariff Act of 1930.

It is further stipulated and agreed that the issue with respect to said merchandise covered by the reappraisement enumerated above is the same as the issue involved in the case of *United States* v. *Guerlain, Inc.*, supra.

It is further stipulated and agreed that the cost of materials, fabrication, manipulation or other process employed in manufacturing or producing such merchandise, plus the usual general expenses, plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States and plus an addition for profit equal to the profit which ordinarily is added to the cost of merchandise of the same character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind, is 29.49 Czechoslovakian Kronen per dozen plus cases and packing.

It is further agreed that the reappraisement is limited to the items of merchandise marked by the Examiner as indicated above and initialed by him, and the reappraisement is abandoned as to all other claims.

It is further affirmed by the undersigned John D. Rode, member of the firm of Puckhafer, Rode & Rode, counsel for the plaintiff, that the reappraisement covered by this stipulation has been examined, and he certifies that said reappraisement has been duly signed and filed within the statutory time.

The reappraisement is submitted on this stipulation.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise represented by the items marked A on the invoice and checked by the examiner W. R. S., W. R. Shapiro, and that such value is 29.49 Czechoslovakian kronen per dozen plus cases and packing.

The appeal having been abandoned insofar as it relates to all other merchandise to that extent the appeal is hereby dismissed.

Judgment will be rendered accordingly.